STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Appeal of | } | |
| Victor Gilding, Rita Gilding, | } | Docket Nos. 173-9-98 Vtec and |
| and Richard Cameron | } | 174-9-98 Vtec |
| | } | |

DECISION and ORDER

Appellants appealed in Docket No. 173-9-98 Vtec from a decision of the Planning Commission of the Town of St. Johnsbury granting site plan approval to Appellee-Applicant Daniel Thompson to construct and landscape a parking area for heavy equipment associated with his construction contracting business, in the northwesterly area of his property. Appellants appealed in Docket No. 174-9-98 from a decision of the Zoning Board of Adjustment (ZBA) granting a conditional use permit to Appellee-Applicant for his construction business as a "neighborhood commercial facility." Appellants are represented by Robert A. Gensburg, Esq.; Appellee-Applicant Daniel Thompson is represented by William P. Neylon, Esq.; the Town of St. Johnsbury is represented by Edward R. Zuccaro, Esq.

An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit with the parties. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence, the site visit, and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellee-Applicant Daniel Thompson, doing business as Dan Thompson Construction, owns and resides on a 13-acre parcel of property on Town Road 52 (the Sylvain Road) near an intersection with Interstate Highway 91 (I-91) in St. Johnsbury, in the Rural Lands Two zoning district. Single family dwellings, agriculture, home occupations, commercial horse farms, and accessory uses are all permitted uses in the Rural Lands Two zoning district.

1

The Sylvain Road (also known as Sylvain Farm Road) is a gravel road serving a rural area. The Thompson driveway is 0.1 mile to the north of the I-91 access road on the west side of Sylvain Road. The Cameron driveway is 0.1 mile farther north on the west side of the road. The Gilding driveway is 0.2 mile to the north of the I-91 access road on the east side of Sylvain Road, across the road from the Thomson property. Continuing to the north along Sylvain Road are homes and farm fields, including the Cohen farm which raises horses and cows for sale. Mr. Cohen also holds a home occupation permit to display and sell horse trailers, restricted to the display of up to four trailers at a time; he sells approximately eight such trailers a year.

Other property owners in St. Johnsbury have been issued home occupation permits for additions to their homes and to run businesses on their home properties, including a vending machine servicing business with six trucks stored overnight on the landowner's property; an auto body shop business with four employees and a storage building as well as a building in which the work is performed; a logging business with a log truck, a bulldozer and several hydraulic log loaders stored and maintained in a garage on the landowner's property; an artist's business with up to 14 employees working with power and hand tools in studio and workshop buildings on the landowner's property; and a roofing and painting business with four employees with two trucks stored overnight on the landowner's property.

In January 1998 Appellee-Applicant applied for and was granted a permit to construct a 30' x 34' garage on his property. It was granted as an accessory use to his residence, and was not appealed.

Appellee-Applicant operates a construction contracting business from his property. He purchased the business as a going concern in April of 1998. The business serves the St. Johnsbury region, with most jobs being located within a half-hour drive of his property, that is, a radius of roughly thirty miles. The business uses the following equipment, which is stored on the property: a ten-wheel dump truck, two six-wheel dump trucks, a bulldozer, a front-end loader, an excavator, a backhoe and two equipment trailers. The equipment is stored at the property, but may be transferred directly from one job site to another, without returning to the property, depending on the location and the timing of the various jobs. The

2

equipment is by law equipped with backup beepers, which operate automatically whenever the equipment is shifted into reverse, including if it is backed up to load it onto the equipment trailers. When the backup beepers operate on Appellee-Applicant's property, they produce an insistent and obtrusive repetitive sound that can be heard at the neighboring residences, including the Gilding home. In the summer of 1998 they operated from as early as 6:15-7:15 in the morning and as late as 4:00 to 7:00 p.m., six days a week and occasionally on Sundays.

Appellee-Applicant applied to operate his construction contracting business from the property as a "home occupation." A "home occupation" is protected by state statute (24 V.S.A. §4406(3)) and is defined by the St. Johnsbury Zoning Ordinance as an

> accessory use conducted within[1] a minor portion of a dwelling by the residents [] thereof[,] which is clearly secondary to the dwelling used for living purposes and does not change the character thereof.

---

[1] A portion of Appellee-Applicant's business: the office and telephone work, may be conducted within a minor portion of the dwelling, even if the storage of the equipment is conducted outdoors or within the accessory garage. Thus, it is possible that the office work could qualify for approval as a home occupation, even if the outdoor equipment storage does not.

In June of 1998, that application was denied site plan approval, and the home occupation permit was denied for the business in general, although he was granted a home occupation zoning permit to "use a small portion of the garage for occasional equipment repairs," with the condition that only "one piece of equipment at a time will be parked on the west side of the lower level garage when service is required." He did not appeal, and therefore the question of whether his remaining use of the property qualifies as a home occupation is not strictly before the Court, at least not at this time. The ZBA may have suggested (or may have responded to his inquiry) that he should instead[2] apply for a conditional use permit and site plan approval to operate his construction contracting business from the property and repair his construction equipment in his garage, as a "neighborhood commercial facility," a use allowed as a conditional use in the Rural Lands 2 zoning district. He applied and was granted both approvals, which are the subject of the two appeals now before this Court. The site plan approval imposed conditions requiring the closure of a newly-constructed second driveway and parking area, prohibited storage between the garage and the road, and approved the upper parking area with a berm to be seeded and mulched to stabilize the bank. The site plan approval imposed landscaping conditions and regulated water runoff from the upper parking area.

A "neighborhood commercial facility" is defined by the St. Johnsbury Zoning Ordinance as

> any commercial facility such as a grocery, general, newspaper or drug store or retail service establishment intended principally to serve the neighborhood in which it is located, and in addition is to include commercial facilities designed to serve an area beyond the neighborhood but to be limited to 10,000 square feet in area.

Appellee-Applicant's construction contracting business does not fall within the meaning of "neighborhood commercial facility." It is not a retail establishment such as the listed examples, and it is not intended principally to serve the neighborhood in which it is located. Indeed, it is not necessary or customary for customers of a contracting business

---

[2] Appellee-Applicant may be entitled to a belated appeal of this ruling, if he can show that he relied on any assurances from the ZBA or Town officials in deciding not to appeal the home occupation ruling.

to come to the facility where the equipment is stored for any reason whatsoever, regardless of whether it is or is not located in the customer's neighborhood. Rather, Appellee-Applicant goes to the customer's property, where the contracting or excavation work is to be done, to develop a bid for the job, and then brings the necessary equipment and equipment operators to the job site on the customer's property.

Because Appellee-Applicant's use of the property does not fall within one of the conditional use categories in the Rural Lands Two district, it cannot be approved as a conditional use, regardless of whether the use adversely affects the character[3] of the area, and regardless of whether the Town has granted such permission to other landowners with other uses in other zoning districts within the Town.

Rather, if the Town wishes to provide a mechanism for the approval of certain home-based businesses as conditional uses, the Town may define such a use category in any zoning district. Similarly, the Town may amend its definition of home occupation to provide for certain outdoor uses of property within that use category as a permitted use, or may shift the use category of "home occupation" from a permitted use to a conditional use in some or all zoning districts. What the Town may not do, however, is to approve a home-based business as a conditional use by assigning it to a use category despite the fact that it fails to qualify for consideration in that use category. As the St. Johnsbury Zoning By-laws do not define a home-based business with outdoor vehicle storage or other outdoor uses as a conditional use in this district, it simply cannot be approved as a conditional use, and therefore also does not qualify for site plan approval.

---

[3] From the evidence presented, it appears that at least the operation of the equipment in reverse (with the backup beepers) does adversely affect the residential and agricultural character of the surrounding area, but such a finding is not necessary to this decision.

Appellee-Applicant has a construction contracting business which he is operating from his home, without a home occupation permit even for the office aspects of his business. He has a garage which has received a zoning construction permit as accessory to the permitted uses of his residence, and has received a limited home occupation permit to use a "small portion" of the garage for "occasional" equipment repairs. To date, those are the only uses of the property which have received a permit. Appellee-Applicant's business does not fall within the definition of "neighborhood commercial facility." It is hereby ORDERED and ADJUDGED that Appellee-Applicant's business therefore does not qualify for a conditional use permit or for site plan approval on that basis, which is the only decision here on appeal. This decision is specifically without prejudice to Appellee-Applicant's applying[4] for any portion of his contracting business as a home occupation, including for the office aspects of his business, or for any seasonal storage of the construction equipment. Given the length of time expended on the present appeals, the Court will expedite any appeals taken by any party from future decisions involving this property; any appealing party should so note in any future notice of appeal.

Done at Barre, Vermont, this 24th day of July, 2000.

_____
Merideth Wright
Environmental Judge

---

[4] Any argument regarding the unappealed 1998 decision may be made in that context and would therby be preserved for any later appeal.

6